1  Gary A. Wolensky (#154041)
   gwolensky@hewittwolensky.com
2  Elizabeth V. McNulty (#192455)
   emcnulty@hewittwolensky.com
3  Cyrus D. Wilkes (#259625)
   cwilkes@hewittwolensky.com
4  HEWITT WOLENSKY LLP
   4041 MacArthur Blvd., Suite 300
5  Newport Beach, CA 92660
   Telephone: (949) 783-5050
6  Facsimile: (949) 783-5059

7  Richard A. Mueller (*Pro Hac Vice*)
   rmueller@thomsponcoburn.com
8  Carl J. Pesce (*Pro Hac Vice*)
   cpesce@thompsoncoburn.com
9  Thompson Coburn LLP
   One US Bank Plaza
10 St. Louis, MO 63101
   Telephone: (314) 552-6000
11 Facsimile: (314) 552-7000

12 Attorneys for Defendant
   Kawasaki Motors Corp., USA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KELLY PRICE, On Behalf of Himself and All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>KAWASAKI MOTORS CORP., USA,<br><br>  Defendants. | CASE NO. SACV10-01074 JVS (RNBx)<br><br>**ORDER RE**<br>**AGREED PROTECTIVE ORDER BETWEEN PLAINTIFF AND KAWASAKI MOTORS CORP., USA**<br><br>CTRM:         6D<br>MAGISTRATE:   Hon. Robert N. Block<br>JUDGE:        Hon. James V. Selna<br><br>DATE OF FILING:    July 14, 2010<br>DISCOVERY CUT-OFF: October 30, 2011<br>PRE-TRIAL DATE:    February 13, 2012<br>TRIAL DATE:        March 6, 2012 |

AGREED PROTECTIVE ORDER

- 1 -

This day come the parties, by agreement of all counsel, and represent the following:

WHEREAS, the parties hereto anticipate certain discovery requests seeking information which one or more of the parties consider to be proprietary, Confidential business records and/or trade secrets;

WHEREAS, the parties have expressed a willingness to provide proprietary information, Confidential business records and/or trade secrets which would be produced in compliance with discovery requests, provided that the Court enters an appropriate Protective Order; and

IT IS, THEREFORE, HEREBY ORDERED AND ADJUDGED that all "Confidential" documents, as addressed further herein, and corresponding information produced by a party in this matter in response to any other party's requests for production of documents, interrogatories, request for admissions, deposition testimony or other requests for discovery in this case shall be subject to the terms of this Protective Order as set forth herein:

1. **<u>Protected Materials.</u>** A party producing documents shall, in good faith, mark such materials or documents as it believes are entitled to protection, as "Confidential." The documents, things, and information contained therein shall only be used, shown, and disclosed as provided in this Order. If such Confidential documents or information are produced in non-paper form or format, the designation of "Confidential" shall be marked on the media (diskette, CD, etc.) in which such documents or information are produced. To the extent that any medium shall have a "Confidential" designation upon it, the party receiving such medium shall similarly mark as "Confidential" any document or documents printed from such medium.

2. **<u>"Confidential Information" Defined</u>**: For purposes of this Order, the term "Confidential Information" is defined to include such protectable information as may be contained in blueprints, manuals, test reports, test standards, drawings,

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

1  correspondence, studies, marketing information, Engineering Change Orders,
2  specifications, graphs, charts, financial data, or any other Confidential documents
3  (and any deposition or other transcripts that include or reflect that information), that
4  are produced by a party which has made a good faith determination regarding
5  Confidentiality.  Publicly available information is excluded from the scope of this
6  order but, if the Plaintiff claims that anything marked by the Defendants as
7  "Confidential" is "publicly available," he shall first give notice to Defendants of
8  that claim.  The Producing Party bears the burden of proof at any hearing to
9  determine whether the information has become "public."

10  3.  **Failure to Mark Document as "Confidential."**  The failure to mark
11  a document or documents as "Confidential" prior to production shall not be
12  construed or interpreted as a waiver of protections provided under this Order.  Upon
13  discovery that the party has produced documents or other information containing
14  "Confidential" information, the producing party shall provide written notice to
15  counsel of record of its intention to mark such document or documents as
16  "Confidential" and from the date of receipt of such notice, such materials and
17  information shall be treated as "Confidential."

18  4.  **Information is to be protected.**  Each party shall act in such a
19  manner as to guard and protect the Confidential information and will endeavor to
20  keep the number of copies made of such documents to a minimum.

21  5.  **Access to Confidential Documents and Information is limited to**
22  **Qualified Persons.**  The parties are prohibited from showing or disclosing
23  "Confidential" documents, the information contained therein, the contents or
24  summaries thereof, or the existence thereof, to anyone other than as necessary to
25  prosecute this specific litigation and only to: (a) Persons in the office of counsel, or
26  co-counsel, of record for the parties; (b) Judicial Personnel.  The Court, Court
27  personnel and Court reporters in connection with this action; (c) Party or
28  Designated Representatives who are employees or officers of any named party to

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

the litigation, provided that each such Party or designated representative executes, before receiving the disclosure, a copy of the Nondisclosure Agreement Concerning Information Covered by Protective Order ("Non Disclosure Agreement") attached to this Protective Order as Exhibit A; and (d) Experts and consultants that have been actually retained in this litigation but only after they have signed the appropriate Nondisclosure Agreement acknowledging the existence of this Order and agreement to be bound thereby. The Nondisclosure Agreement will be retained by counsel for the party for whom it is executed. To the extent that experts or consultants are provided documents or information covered by this Order, they agree to execute the Nondisclosure Agreement attached hereto, including an oath that (a) they will only use the documents and information for the purposes of preparing or rendering expert advice or opinions to counsel of record in and for this case, (b) they submit themselves to the jurisdiction of this Court for any rulings regarding sanctions, contempt or other remedies necessitated by a violation of this order, ( c) they have read and understand the meaning and significance of the Protective Order, and (d) at the conclusion of the litigation they will return to Counsel that retained them the Protected Documents as well as any other documents that contain protected information. Those documents will immediately be returned to the producing party's counsel as outlined below.

    Each person appropriately designated pursuant to this paragraph to receive Confidential information (with the exception of the Court and Court personnel), shall execute an Nondisclosure Agreement, in the form attached as Exhibit A. Opposing counsel shall be notified at least 10 days prior to disclosure to any such person who is known to be an current employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. For purposes of this Order, the term "competitor" shall be defined as any company, person or entity with a competitive interest that is adverse to Kawasaki (or the party producing the documents) or adverse to any company selling Kawasaki branded or

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

trade-marked goods, or other companies selling products (or after-market products) into such industries, including without limitation, any person (agent, lawyer, employee, dealer or contractor) to or from: Honda, Suzuki, BMW, Ducati, Yamaha, Harley Davidson, Polaris, Arctic, BRP, Bombardier, Triumph, Norton, Indian, BSA, Royal Enfield, Moto Guzzi, Aprilla, Victory. To the extent the Producing Party becomes aware of other competitors who make motorcycles, whose identities may not presently be known, the Producing Party will make these entities known to Plaintiff immediately and those entities will become part of this Order. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within ten (10) days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

6.     **Challenges to Claims of Confidentiality.**  If any party claims that documents, or information contained therein, are not "Confidential" or otherwise entitled to protection under this Order, that party shall give notice of that claim to the party claiming such "Confidentiality." The parties shall then attempt to resolve such dispute in good faith on an informal basis, and pursuant to Local Rules 37-1 and 37-2, including the requirement that the parties file a Joint Stipulation concerning the matters in dispute. If the parties are unable to resolve their dispute informally, then the person challenging the designation (the "Challenging Party") may request appropriate relief from the Court.  It shall be the burden of the Designating Party to establish that the contested Protected Material is confidential. All such documents and information shall remain protected under this Order until they are released from that protection by an order of this Court.

7.     **Time for Contesting Confidentiality.**  Any documents or information covered by this Order shall, at the conclusion of the litigation, if not previously contested and removed from the protections of this Order, remain protected and any

party or other person on their behalf is precluded from later challenging the Confidentiality of those documents or information.

8. **This Order Remains in Effect.** All provisions of this Protective Order shall remain in effect after the conclusion of the litigation and all persons shown any materials covered by this Order shall be bound by the Order, unless otherwise agreed to by the parties to this Protective Order in writing.

9. **All Persons Subject to the Court's Jurisdiction.** All persons shown the "Confidential" documents or information agree, in advance, to submit themselves to the jurisdiction of this Court for a determination regarding their compliance with the terms of the Order.

10. **Jurisdiction of the Court:** The Court retains jurisdiction over the matter to resolve any questions regarding the compliance with the terms of the Order.

11. **Use of Confidential Documents and Information Generally.** Confidential documents, things and information may be used solely in connection with this lawsuit and for no other purpose. No person who gains access to the Confidential documents, things and information may disclose them or their contents to any other person without the written stipulation of the producing party or by order of this Court. In no event shall such Confidential documents or information be provided to any person who is not "qualified" as set forth in Paragraph 5, above.

12. **Use of Confidential Documents and Information in This Lawsuit.** Confidential documents, things and information shall be used solely for the purposes of this litigation and for no other purpose without further order of the Court. There shall be no reproduction whatsoever of "Confidential" documents, except as reasonably needed for the preparation of this case for trial. If Confidential documents, things and information are used in depositions, all portions of the transcript of such depositions and exhibits thereto which refer to or relate to such Confidential documents, things or information shall themselves be considered

as Confidential documents. The party introducing such Confidential documents, things and information shall instruct the court reporter to bind the Confidential portions of the transcript and exhibits separately and label them "Confidential." In addition, each deponent is ordered that he may not divulge any Confidential documents, things or information except to qualified persons. No person shall attend portions of the depositions designated as Confidential unless he or she is an authorized recipient of documents containing such Confidential Information under the terms of this Order. The disclosing party or counsel for such party shall further have the right to exclude from any such deposition any person or persons not bound by the terms of this Protective Order during the duration of any deposition testimony relating to such Confidential documents, things or information. Following receipt of the transcript of a deposition portions of which were designated as Confidential, counsel for the designating party will identify, in writing to counsel of record, those specific portions of the transcript which are to be considered Confidential and subject to this Order. Any Party may so designate any portions of all depositions that logically relate to or are questions about documents that have been marked as Confidential, which will be treated as "designated" under the terms of this Order.

13. **Filing and Sealing.** In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

///

///

14. **Protected Material Subpoenaed or Ordered Produced in Other Actions:** If any person receiving documents covered by this Order ("the Receiver") is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Protected Material that was produced or designated as Confidential Information by someone other than the Receiver, the Receiver shall give prompt written notice by hand or facsimile transmission within (5) business days of receipt of such Demand to the person, party, or third party who produced or designated the materials as Confidential Information, and shall object to the production of such materials on the grounds of existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party who produced or designated the material as Confidential Information. Unless the person, party, or third party who produced or designated the Confidential Information obtains an order directing that the Demand not be complied with, and serves such order upon the Receiver prior to production pursuant to the Demand, the Receiver shall be permitted to produce documents responsive to the Demand on the Demand response date. Compliance by the Receiver with any order directing production pursuant to the Demand of any Confidential Information shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

15. **Disposal at the Conclusion of this Action.** Within 60 days of the conclusion of this action by trial or otherwise, all Confidential documents, things and information and all copies (electronic or otherwise) thereof shall be returned to counsel for the producing party, excepting case pleadings and motions and correspondence of counsel provided that such counsel destroy all exhibits to such pleadings and correspondence that have been designated as Protected Material., No party or counsel for any party may retain an archival copy of any case pleading and motions and correspondence that has been designated as Protected Material under

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

1 this Order. Additionally, all electronic copies of Confidential documents, things or information shall be certified by the receiving party as having been destroyed, and any media upon which such documents, things or information were produced shall be returned to the producing party. The conclusion of this litigation does not relieve the parties from their obligations to maintain Confidentiality obligations pursuant to this Order. The obligations imposed by this Protective Order shall survive the termination of this action.

16. **Amendments.** Nothing in this Order will prejudice any of the parties herein from seeking modification of this Order or to apply for additional or different protection. No modification by the parties shall have the force or effect of a Court order unless the Court approves the modification.

17. **Treatment of Producing Party's Own Documents.** This Order and the obligations pursuant thereto shall not be binding with respect to the producing party's treatment of its own documents, things and information.

18. **Procedure for Waiver.** A party may agree to the disclosure of "Confidential" documents or information only in writing, in the form of a stipulated order releasing the documents or information at issue from coverage under this Order. It will not be a defense to improper disclosure by a party (or anyone that was given access to the documents that are produced to a party) that the producing party or one of its attorneys orally approved disclosure.

19. **Unintentional Production of Privileged Materials.** If information subject to a claim of attorney-client privilege, attorney work product or any valid ground under the law is nevertheless inadvertently or unintentionally produced, transmitted, or disclosed to a party or parties, such production, transmittal, or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or any valid ground under the law. If a disclosing party asserts a claim of inadvertent production, transmittal, or disclosure as to information then in the custody of another party, such receiving party shall,

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

1  within three (3) business days of being notified of such claim, return, or sequester
2  the original and all copies of the information (except as necessary to file the motion
3  with the Court referenced below) to the disclosing party and the receiving party
4  shall not use such information for any purpose. If the receiving party has already
5  shared such information or material prior to a demand for its return from the
6  disclosing party, then the receiving party shall promptly notify the other affected
7  person or persons and shall collect and return all copies. If the receiving party
8  disputes a claim of attorney-client privilege, attorney work product or any valid
9  ground under the law, it may move the Court for an Order compelling production of
10 the material, which shall be filed under seal and which may attach the material for
11 the Court's inspection, but such motion shall not assert as a ground for entering
12 such an Order the fact or circumstances of the inadvertent production, transmittal,
13 or disclosure,

14 20. **Inadvertent Production of Non-Privileged Materials.** Inadvertent
15 or unintentional disclosure by any party of non-privileged material or information,
16 regardless of whether the information was designated as Confidential at the time of
17 disclosure, shall be remedied upon demand for its return by the producing or
18 designating party. The recipient of such material shall return it, without retaining
19 any copy of it, except as to file a motion as set forth below, promptly upon demand
20 by the disclosing party (except as necessary to file the motion with the Court
21 referenced below). If the receiving party has already shared such information or
22 material prior to a demand for its return from the disclosing party, then the
23 receiving party shall promptly notify the other affected person or persons and shall
24 collect and return all copies. The receiving party may move the Court for an Order
25 compelling production of the material, which motion shall be filed under seal and
26 which may attach the material for the Court's inspection, but such motion shall not
27 assert as a ground for entering such an Order the fact or circumstances of the
28 inadvertent production, transmittal, or disclosure.

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

21. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential material. Parties shall not duplicate any Confidential material except as is necessary to prosecute the case and for filing in Court under seal. In the event of a violation of this Order, should the Court determine that counsel did not act responsibly in an effort to protect said information, such failure may be sanctionable.

**IT IS SO ORDERED.**

Dated: September 02, 2011  _____
Honorable Robert N. Block
United States Magistrate Judge.

**SEEN and AGREED:**

HEWITT WOLENSKY LLP
By: /s/*Elizabeth V. McNulty*
_____
Gary A. Wolensky
Elizabeth V. McNulty
4041 MacArthur Blvd., Suite 300
Newport Beach, CA 92660
Telephone: (949) 783-5050
Facsimile: (949) 783-5059

Richard A. Mueller
Carl J. Pesce (Pro Hac Vice)
Thompson Coburn, LLP
One US Bank Plaza
St. Louis, MO 63101
Telephone: (314) 552-6000
Facsimile: (314) 552-7000

Attorneys for Defendants,
KAWASAKI MOTORS CORP., USA

KREINDLER & KREINDLER LLP
By: /s/*Natalie Finkelman Bennett*
_____
Gretchen M. Nelson
707 Wilshire Boulevard
Suite 4100
Los Angeles, CA 90017
Telephone: (213) 622-6449
Facsimile: (213) 622-6019

James E. Miller
Karen Leser-Grenon
Shepherd, Finkelman, Miller & Shah, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120

Natalie Finkelman
James C. Shah
Shepherd, Finkelman, Miller & Shah, LLP
35 E. State Street
Media, PA 19063
(610) 891-9880
(610) 891-9883 Fax

Attorneys for Plaintiff,
KELLY PRICE

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| KELLY PRICE, On Behalf of Himself and All Others Similarly Situated, ) ) ) ) Plaintiff, ) ) ) ) ) v. ) ) ) KAWASAKI MOTORS ) CORP., USA, ) Defendant. ) ) ) | CIVIL ACTION NO. SACV10-01074<br><br>**NON DISCLOSURE AGREEMENT CONCERNING INFORMATION COVERED BY AGREED PROTECTIVE ORDER** |

## NON DISCLOSURE AGREEMENT

_____ declares that :

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have either read or have had the terms explained to me by my attorney and I understand the terms of the Protective order dated _____, filed in Case No. SACV10-01074, *Kelly Price v. Kawasaki Motors Corp., U.S.A.,* pending in the United States District Court, Central District of California, Western Division. I agree to comply with and be bound by the provisions of the Protective

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

1  Order. I understand that any violation of the Protective Order may subject me to
2  sanctions by the Court.
3      I shall not divulge any documents (copies of any documents), information, or
4  data designated "Confidential" obtained pursuant to such Protective order, or the
5  contents of such documents or information, to any person other than those
6  specifically authorized by the Protective Order. I shall not copy or use such
7  documents, information, or data except for the purposes of this action and pursuant
8  to the terms of the Protective Order.
9      As soon as practical, but no later than 30 days after final termination of this
10 action, I shall return, to the attorney from whom I have received them, any
11 documents, information, or data in my possession designated "Confidential," and
12 all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to
13 such documents, information, or data.
14     I submit myself to the jurisdiction of the United States District Court, Central
15 District of California, Western Division, for the purpose of enforcing or otherwise
16 providing relief relating to the Protective Order.

17

18 Dated:_____  By: _____
19                               (Signature)

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

AGREED PROTECTIVE ORDER

# **PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4041 MacArthur Blvd., Suite 300, Newport Beach, CA 92660.

On September ___, 2011, I served, in the manner indicated below, the foregoing document described as AGREED PROTECTIVE ORDER on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Newport Beach, addressed as follows:

*Please see attached Service List*

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Newport Beach, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. 5(b)(2)(C).

☐ BY FACSIMILE: (F.R.C.P. 5(b)(2)(F)

☐ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees(F.R.C.P. 5(b)(2)(F).

☒ BY ELECTRONIC SERVICE: I caused such document to be delivered by electronic service as it has been authorized and agreed upon to service electronically in this action to the parties below, to the email addresses listed below. (F.R.C.P. 5(b)(2)(E)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September ___, 2011, at Newport Beach, California.

Andrea Greil

<u>**Service List**</u>

Price vs. Kawasaki – SA CV 10-01074 JVS

| | |
|---|---|
| Gretchen M. Nelson<br>Kreindler & Kreindler LLP<br>707 Wilshire Blvd., Suite 4100<br>Los Angeles, CA 90017 | **PLAINTIFF'S COUNSEL**<br><br>213.622.6469<br>213.622.6019 fax<br>gnelson@kreindler.com |
| James E. Miller<br>Karen Leser-Grenon<br>Shepherd, Finkelman, Miller & Shah, LLP<br>65 Main Street<br>Chester, CT 06412 | **PLAINTIFF'S COUNSEL**<br><br>860.526.1100<br>860.526.1120<br>mark@aoblawyers.com |
| James C. Shah<br>Shepherd Finkelman, Miller & Shah, LLP<br>35 East State Street<br>Media, PA 19063 | **PLAINTIFF'S COUNSEL**<br><br>610.891.9880<br>610.891.9883<br>jshah@sfmslaw.com |
| Mark F. Anderson<br>Anderson, Ogilvie & Brewer<br>600 California Street, 18th Floor<br>San Francisco, CA 94108 | **PLAINTIFF'S COUNSEL**<br><br>415.651.1950<br>415.956.3233<br>mark@aoblawyers.com |
| Rose Luzon<br>Shepherd Finkelman, Miller & Shah, LLP<br>401 West A Street, Suite 2350<br>San Diego, CA 92101 | **PLAINTIFF'S COUNSEL**<br><br>619.235.2416<br>619.234.7334<br>rluzon@sfmslaw.com |

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050